UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHLANIS CORTEZ ERVIN,

       Petitioner,

v.                                      Case No. 2:10-cv-236
                                       HON. GORDON J. QUIST
GREG MCQUIGGIN,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

       This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. §

2254. Petitioner Johlanis Cortez Ervin was convicted of second degree murder, and was sentenced

to a prison term of 24 to 60 years. Petitioner was also convicted of possession of a firearm during

the commission of a felony, and was sentenced to a prison term of two years. Petitioner maintains

that his convictions were obtained in violation of his federal rights. The instant petition sets forth

five claims:

    I.      Whether the proofs at the first trial regarding malice were constitutionally
            insufficient so that the convictions for felony-firearm and second degree
            murder charges should be dismissed because the essential element of malice
            was not proved beyond a reasonable doubt?

    II.     Whether the conviction of second-degree murder at the second trial must be
            set aside as a violation of the constitutional protection against double
            jeopardy because the case should have been dismissed based upon the proofs
            at the first trial as stated in Question One?

    III.    Whether [Petitioner] was denied his 6th Amendment right to counsel because
            of ineffective assistance of appellate counsel in the first appeal?

IV. Whether Petitioner was denied the effective assistance of counsel guaranteed by the federal and state constitutions, US Const, Amendment VI and Michigan Constitution 1963, Art. 1, § 20, where his trial attorney without strategic purpose, made several outcome determinative errors?

V. Whether [Petitioner] was denied his 6th Amendment right to counsel because the trial judge denied the requested *Ginther* hearing on ineffective trial counsel at the second trial, and on the 6.500 motion, and whether appellate counsel was ineffective in the second appeal for not raising the issue that the trial judge had denied [Petitioner] the benefit of a *Ginther* hearing?

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district

court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 412. Rather, the application must also be "unreasonable." *Id*. Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*. at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

       The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner's claims I, II, III, and V in the instant petition are procedurally defaulted. Petitioner's claim IV was raised on direct appeal. In an order and opinion denying Petitioner's Motion for Relief from Judgment, the trial court rejected claims I, II, III, and V under M.C.R. 6.508(D). Petitioner filed an application for leave to appeal this decision, and the Michigan Court of Appeals stated that it denied Petitioner's application on the basis that Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." Petitioner filed an application for leave to appeal this decision, and the Michigan Supreme Court also stated that it denied Petitioner's application for leave to appeal on the basis that Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."

Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or

inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S. Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved

for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

In order to overcome procedural default, Petitioner must show "cause" for failure to raise his claims in his appeal of right and "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thomson*, 501 U.S. 722, 750 (1991). Alternatively, Petitioner could overcome his procedural default by demonstrating that a fundamental miscarriage of justice would occur as a result of this Court's failure to consider the substantive merits of his claim. *Id.*

Petitioner's first claim asserts that the proofs at the first trial regarding malice were constitutionally insufficient, so that the convictions of second degree murder and possession of a firearm during the commission of a felony must be dismissed, because the essential element of malice was not proved beyond a reasonable doubt. Petitioner's second claim asserts that his second-degree murder conviction at the second trial must be set aside as a violation of the constitutional protection against double jeopardy because the case should have been dismissed based upon the proofs at the first trial. Petitioner argues that ineffective assistance of appellate counsel at the first appeal demonstrates good cause for Petitioner's failure to raise these claims on direct appeal. The trial court addressed these claims together in denying Petitioner's Motion for Relief from Judgment.

The trial court found that Petitioner's first and second claims were procedurally defaulted under M.C.R. 6.508(D). The Michigan Court of Appeals and then the Michigan Supreme Court denied Petitioner's application for leave to appeal under M.C.R. 6.508(D). The trial court addressed whether ineffective assistance of appellate counsel established good cause to excuse the procedural default of Petitioner's first and second claims. The court rejected Petitioner's argument, noting:

Defendant argues that, in his 1st appeal, the Court of Appeals found that the evidence of malice was insufficient to support the jury guilty verdict for murder 2nd degree at the 1st trial. I disagree. In *Ervin I*, the Court of Appeals noted that, to require an instruction on a lesser included offense, "it is only when there is substantial evidence to support the requested instruction." The *Ervin I* Court limited its evidence discussion to the issue of whether there was substantial evidence to support the lesser instruction of involuntary manslaughter. The *Ervin I* Court said: "Here, there is no evidence to characterize the homicide as a voluntary manslaughter . . . Thus, it is either murder or involuntary manslaughter . . . We conclude that defendant's claim that he did not intend to shoot at 871 Pavone is supported by substantial evidence."

Correspondingly, *Cornell*, upon which the *Ervin I* Court relied, did not analyze whether there was sufficient evidence for the charge on which Cornell was convicted, with the resulting implication to the Double Jeopardy Clause. The *Cornell* Court said, "We are satisfied that the present case concerns nonconstitutional error that has been preserved by the defendant's request for the lesser included misdemeanor instruction."

At the 1st trial, there was evidence that Michael gave defendant a .357 magnum handgun, which Defendant knew was loaded, Defendant shot the handgun with the plan to "make motherfucker's run," and one of the bullets struck and killed Jackson. See Defendant's statement to police at the 1st trial and the 2nd trial. That is sufficient.

*People v. Ervin*, Berrien County Circuit Court File No. 2002 404013-FC, Opinion and Order on Motion for Relief from Judgment pursuant to M.C.R. 6.500, pp. 6-7 (July 28, 2009) (docket #27).

Petitioner's instant petition asserts that he failed to raise his first and second claims on direct appeal because his appellate counsel was ineffective. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible

colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. Petitioner has not established good cause for failing to raise these issues on appeal. Nor has he shown prejudice, a fundamental miscarriage of justice, or a colorable claim of innocence to be entitled to habeas relief. In the opinion of the undersigned, Petitioner is not entitled to habeas relief on his first and second claims.

In Petitioner's third claim, he asserts that he was denied his Sixth Amendment right to effective assistance of counsel because of ineffective appellate counsel in the first appeal. The trial court found that this claim was procedurally defaulted under M.C.R. 6.508(D). The Michigan Court of Appeals and then the Michigan Supreme Court denied Petitioner's applications for leave to appeal under 6.508(D). The trial court addressed Petitioner's claim, noting:

> It was reasonable for Defendant's 1st appeal attorney to conclude that the Double Jeopardy Clause claim was weak and should not be presented at Defendant's appeal after the 1st trial.
>
> It was not constitutionally ineffective assistance of counsel not to present the Double Jeopardy Clause claim at the 1st appeal.
>
> Defendant has not established good cause under M.C.R. 6.508(D)(3)(a).
>
> since the Double Jeopardy Clause claim is lacking in merit, Defendant was not prejudiced by his 1st appeal attorney not presenting the claim. M.C.R. 6.508(D)(3)(b).

*People v. Ervin*, Berrien County Circuit Court File No. 2002 404013-FC, Opinion and Order on Motion for Relief from Judgment pursuant to M.C.R. 6.500, p. 8 (July 28, 2009) (docket #27).

Petitioner has not established good cause for failing to raise this issue on appeal. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. Nor has Petitioner shown prejudice, a fundamental miscarriage of justice, or a colorable claim of innocence

to be entitled to habeas relief. In the opinion of the undersigned, Petitioner is not entitled to habeas

relief on his third claim.

Petitioner's fourth claim asserts that he was denied his Sixth Amendment right to

effective assistance of counsel guaranteed by the federal and state constitutions, U.S. Constitution,

Amendment VI and Michigan Constitution, Art 1, § 20, where his trial counsel made several

outcome-determinative errors without strategic purpose. Petitioner raised this claim on direct appeal.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must

demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel

guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*

*v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether

Petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness

and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have
> likely undermined the reliability of, and confidence in, the result.
> *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by
> counsel, even if professionally unreasonable, does not warrant setting
> aside the judgment of a criminal proceeding if the error had no effect
> on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in*
> *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495
> U.S. 961 (1990). In evaluating petitioner's claim, "a court must
> indulge a strong presumption that counsel's conduct falls within the
> wide range of reasonable professional assistance." *Id.* at 689.
> "Counsel is constitutionally ineffective only if performance below
> professional standards caused the defendant to lose what he otherwise
> would probably have won." *United States v. Morrow*, 977 F.2d 222,
> 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993).
> Thus, the determinative issue is not whether petitioner's counsel was
> ineffective but whether he was so thoroughly ineffective that defeat
> was "snatched from the jaws of victory." *See Id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

The Michigan Court of Appeals stated:

Defendant asserts that he received ineffective assistance of counsel at his second trial. We disagree. Defendant raised this issue in motions for a new trial and an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). And, in denying the motions, the trial court ruled on the issue. However, because no evidentiary hearing was held, our review is limited to errors apparent on the record. *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997).

To establish ineffective assistance of counsel, defendant must show that defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and that the representation prejudiced the defendant to the extent that it denied him a fair trial. *People v Henry*, 239 Mich App 140, 145-146; 607 NW2d 767 (1999). To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 146. Effective assistance of counsel is presumed and defendant must overcome "a strong presumption that counsel's assistance constituted sound trial strategy." *Id*.

Defendant contends that his trial counsel was ineffective for failing to effectively cross-examine ten prosecution witnesses who testified differently at his second trial than they did at his first. Defense counsel's failure to cross-examine witnesses only constitutes ineffective assistance of counsel if it deprived defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004); *People v Hoyt,* 185 Mich App 531, 537-538; 462 NW2d 793 (1990). A substantial defense is one that might have made a difference in the outcome of the trial. *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990). Decisions about what evidence to present, whether to question a witness, and which questions to ask a witness are presumed to be matters of trial strategy. *Dixon, supra* at 398. "[T]his Court neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight." *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004).

We find that defense counsel was not ineffective for failing to cross-examine the witnesses about the alleged inconsistencies in their testimony. In reaching our conclusion, we note that there was no dispute that defendant fired the bullet that killed Jackson. The primary issue for the jury was defendant's intent. Almost all of the

alleged testimonial inconsistencies highlighted by defendant on appeal either are completely unrelated to this issue or do not present actual inconsistencies, but rather merely different degrees of specificity or detail. Counsel cannot be deemed ineffective for failing to emphasize irrelevant or non-existent inconsistencies to the jury. *Dixon*, *supra* at 398; *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005) (stating that counsel is not required to advocate a meritless position). Additionally, among those witnesses whose testimony can be seen as inconsistent on matters unrelated to defendant's intent, drawing the jury's attention to some of these inconsistencies would have generated sympathy for the victim or undermined defendant's theory of accident. Therefore, defendant cannot establish that counsel's failure to cross-examine the witnesses about those particular inconsistencies was anything but sound trial strategy. *Dixon*, *supra* at 398.

The only purported inconsistency highlighted by defendant that is arguably related to the issue of his intent relates to medical examiner Robert Clark's testimony concerning whether the nature of the wound suffered by Jackson indicated that the bullet ricocheted before striking him. At defendant's first trial, Clark testified that, given the shape of the Jackson's entrance wound, the bullet that killed Jackson "most certainly" could have ricocheted before hitting him. At the second trial, Clark testified that the bullet that stuck Jackson was a "glancing blow" and did not strike Jackson "straight in," and that while it was possible that the bullet had ricocheted, he had no way of knowing whether the bullet hit another surface before it struck Jackson and therefore, he had "nothing to say about it." The possibility that the bullet ricocheted before hitting Jackson was relevant to the issue of defendant's intent when firing the gun; if the bullet ricocheted, that could be viewed as supporting defendant's assertion that he did not shoot directly at the people on the porch at 871 Pavone. While defense counsel did not specifically cross-examine Clark about this difference in his testimony, counsel did elicit testimony from Clark acknowledging the possibility of a ricochet, placing the issue squarely before the jury. Decisions about what questions to ask a witness are presumed to be matters of trial strategy. *Dixon*, *supra* at 398. Moreover, given that Clark acknowledged the possibility of a ricochet, and in light of evidence presented indicating that defendant fired in the direction of the porch at 871 Pavone and not into the ceiling at 877 Pavone as he claimed, defendant cannot establish that counsel's failure to point out the inconsistency in Clark's testimony was outcome-determinative. *Henry*, *supra* at 146; *Kelly*, *supra* at 526.

Defendant also contends that his trial counsel was inadequately prepared for trial and failed to present a defense. We disagree. When claiming ineffective assistance of counsel due to counsel's unpreparedness, the defendant must show prejudice resulting from the lack of preparation. *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990). The day before defendant's trial commenced, counsel informed the trial court that he was "ready to try the case." He stated that, in preparation for trial, he reviewed the transcripts of defendant's first trial, the pertinent police reports, and the prosecution's evidence and exhibits. Further, the record indicates that counsel did, in fact, request the transcripts of defendant's preliminary examination and copies of police reports a month before trial. The record does not support that defense counsel was unprepared. Moreover, we find no merit to the claim that counsel failed to present a defense at trial. Counsel focused the jury's attention on defendant's claim of accident and defendant has failed to suggest another plausible defense which counsel could have presented. Therefore, we cannot conclude that defendant was prejudiced by defense counsel's performance. See *Id*. Defendant has failed to overcome the presumption of effective assistance of counsel.

We affirm.

*People v. Ervin*, unpublished opinion per curiam, Court of Appeals No. 268199, pp. 1-3 (Aug. 23, 2007) (docket #24).

The Michigan Court of Appeals' decision was not contrary to or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. In the opinion of the undersigned, Petitioner is not entitled to habeas relief on his fourth claim.

In Petitioner's fifth claim, he asserts that his Sixth Amendment right to effective assistance of counsel was denied during his second appeal when his appellate counsel failed to assert the fact that the trial judge improperly denied Petitioner a *Ginther* hearing on ineffective assistance of trial counsel at the second trial, as well as on Petitioner's 6.500 motion. The trial court stated:

> Defendant requests *Ginther* hearings on the 1st appeal, the 2nd trial, and the 2nd appeal. Based on my findings on the lack of merit of the substantive claims, above, I deny the requested *Ginther* hearings.

*People v. Ervin*, Berrien County Circuit Court File No. 2002 404013-FC, Opinion and Order on Motion for Relief from Judgment pursuant to M.C.R. 6.500, p. 10 (July 28, 2009) (docket #27). As noted above, both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's application for leave to appeal under 6.508(D).

Petitioner asserts that he failed to raise this claim on direct appeal because of ineffective assistance of appellate counsel. Petitioner contends that "this issue would not have been been present at the time of the second direct appeal because it is based on ineffective appellate counsel in that direct appeal and/or upon issues raised solely in the 6.500 proceeding" (Petition, at 16). Assuming that Petitioner has established good cause for failing to raise this issue on direct appeal, he fails to establish the requisite prejudice. As noted by the trial court, because the underlying substantive claims lack merit, a *Ginther* hearing was not warranted.

Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004). The Sixth Circuit has held that "'appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'" *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). *See also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). In the opinion of the undersigned, Petitioner is not entitled to habeas relief on his fifth claim.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner procedurally defaulted on claims I, II, III, and V. In addition, Petitioner's claim IV lacks merit. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


           /s/ Timothy P. Greeley               
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 22, 2013