UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHLANIS CORTEZ ERVIN,

                Petitioner,                                  Case No.  2:10-CV-236

v.                                             HON. GORDON J. QUIST

GREG McQUIGGIN,

                Respondent.

_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

Petitioner, Johlanis Cortez Ervin, has filed an Objection to Magistrate Judge Timothy P. Greeley's Report and Recommendation (R & R) issued March 22, 2013 (docket no. 33), which recommends that this Court deny Ervin's habeas corpus petition.  The R & R also recommends that this Court deny Ervin a certificate of appealability.  When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*.  Fed. R. Civ. P. 72(b)(3).  After conducting a *de novo* review of the R & R, Ervin's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

**A. Ervin's Objections**

**1. Insufficiency of the Evidence and Double Jeopardy**

Ervin objects to each of the R & R's legal conclusions, largely restating the arguments asserted in his petition.  First, with respect to insufficiency of the evidence on the issue of malice, Ervin objects that (1) the trial court is not entitled to deference, (2) the R & R fails to reach the merits of Ervin's argument, (3) the R & R wrongly concludes that Ervin failed to show good cause

for not raising insufficiency of the evidence in his first appeal, and (4) the R & R wrongly concludes that Ervin failed to show actual prejudice from appellate counsel's failure to raise insufficiency of the evidence on the first appeal.[1]

In his R & R, the magistrate judge notes that the trial court found that Ervin's first and second petition claims (insufficiency of the evidence and double jeopardy, respectively) were procedurally defaulted under M.C.R. 6.508(D).[2]  The second trial court considered whether ineffective assistance of counsel was sufficient to establish good cause to excuse Ervin's procedural default of his first and second claims.  The trial court rejected Ervin's argument.  The Michigan Court of Appeals and Michigan Supreme Court denied Ervin's application for leave to appeal under M.C.R. 6.508(D).  Relying on the same reasoning as the trial court, the R & R concludes that Ervin had failed to show either good cause or prejudice, a fundamental miscarriage of justice, or a colorable claim of innocence.

In his Objection, Ervin asserts that his good cause for his failure to raise these issues on appeal was ineffective assistance of counsel.  For purposes of prejudice, Ervin's argument is that "but for" his ineffective assistance of counsel, he would have had a reasonably likely chance of acquittal.

---

[1] In sum, Ervin's first petition argument is that the evidence at his first trial was insufficient to establish malice, so his second degree murder and possession of a firearm during the commission of a felony convictions must be dismissed.  His second argument is that his second degree murder conviction from his second trial must be set aside as a violation of double jeopardy.  Ervin emphasizes that the second issue only arises because of the second trial, so he could not have raised it on his first appeal.  Interpreting the magistrate judge's R & R as a misinterpretation of his second argument, Ervin repeatedly asserts the magistrate judge erred in his R & R by addressing the two issues together.  Given the relationship between the two issues, it was appropriate to consider the issues together.

[2] Under M.C.R. 6.508(D), a defendant may not collaterally attack his conviction on the basis of claims that were decided against him in a prior appeal or that could have been raised on direct appeal but were not.  M.C.R. 6.508(D)(2) & (3).  For claims that could have been raised on direct appeal, a defendant is entitled to relief if he can establish "good cause for failure to raise such grounds on appeal or in the prior motion," and "actual prejudice from the alleged irregularities that support the claim for relief."  M.C.R. 6.508(D)(3). "Actual Prejudice" means that "in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

To constitute "good cause," Ervin's counsel's performance must rise to the level of ineffective assistance established in *Strickland v. Washington.*  466 U.S. 668, 104 S. Ct. 2052 (1984); *Byrd v. Collins*, 209 F.3d 486, 519 (6th Cir. 2000).  Courts have repeatedly held that a defendant does not have a constitutional right to have every appealable issue raised on appeal.  *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986); *Jones v. Barnes*, 463 U.S. 745, 751–53, 103 S. Ct. 3308, 3313–14 (1983).  Rather, the law recognizes that effective attorneys must make strategic judgments by "winnowing out weaker arguments on appeal and focusing on those more likely to prevail" for that "is the hallmark of effective appellate advocacy."  *Smith*, 477 U.S. at 536, 106 S. Ct. at 2667 (internal citation and quotation marks omitted).

In this case, Ervin's first appellate attorney focused on a single claim—that a jury instruction on involuntary manslaughter was erroneous—and the appeals court reversed Ervin's second degree murder conviction.  Ervin's argument that his attorney was constitutionally bound to raise an insufficiency of the evidence argument on appeal is not supported by case law.  The *Strickland* court has specifically instructed,

> Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

*Strickland*, 466 U.S. at 669, 104 S. Ct. 2052, 2055.  Here, Ervin's counsel's failure to raise a sufficiency of the evidence argument—instead focusing on an erroneous instruction that resulted in reversal—does not rise to the level of constitutional deficiency under *Strickland*.  Ervin has not established "good cause" for his failure to raise his insufficiency of the evidence argument on direct appeal.  Thus, Ervin cannot prevail on his first and second petition arguments.  Because Ervin has not satisfied the requisite standard, the Court will not reach the merits of his first and second petition arguments.

**2. Ineffective Assistance of First Appellate Counsel**

Ervin's third argument in support of his habeas petition is that his first appellate counsel was constitutionally deficient for failing to raise an insufficiency of the evidence argument on appeal. The R & R notes that Ervin raised this issue before the trial court in his second trial. The trial court found the issue was procedurally defaulted under M.C.R. 6.508(D), and the Michigan Court of Appeals and Michigan Supreme Court denied Ervin's applications for leave to appeal under M.C.R. 6.508(D). The R & R concluded that Ervin has not established good cause for failing to raise the issue on direct appeal.

Ervin objects generally to the R & R's conclusion that Ervin was procedurally defaulted from raising this issue, and that Ervin has not established good cause for his failure to raise the issue on direct appeal. Upon careful review, this Court agrees with the R & R. As discussed above, Ervin has not established that his appellate counsel's failure to raise an insufficiency of the evidence argument renders counsel's performance constitutionally deficient. Therefore, Ervin cannot prevail on this argument.

**3. Ineffective Assistance of Second Trial Counsel**

Ervin's fourth petition argument is that he was denied effective assistance of trial counsel at his second trial. The basis of Ervin's argument is that counsel made "outcome determinative errors" "without strategic purpose," such as failing to bring out the inconsistency in trial testimony between the first and second trials.

Unlike his other claims, Ervin raised the issue of ineffective assistance of trial counsel in his direct appeal. The R & R concludes that the Michigan Court of Appeals' decision was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, and did not result in a decision based upon an

4

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ervin objects that his counsel's failure to cross-examine witnesses on inconsistency of prior testimony was outcome-determinative.

The Court agrees with the magistrate judge's statement of Supreme Court precedent on the matter of ineffective assistance of counsel. In particular, the Supreme Court has observed,

> Surmounting *Strickland*'s high bar is never an easy task . . . . Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.
>
> * * *
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.

*Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 788 (2011) (internal quotation marks and citations omitted).

In this case, the Michigan Court of Appeals (1) observed that the trial court had considered and denied Ervin's motions for a new trial and an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973), (2) reviewed the proper legal standard for evaluating an effective assistance of counsel claim, and (3) concluded that defense counsel was not ineffective for failing to cross-examine the witnesses about alleged inconsistencies in their testimony. *See People v. Ervin*, No. 268199, 2007 WL 2404521, at *1–3 (Mich. Ct. App. Aug. 23, 2007). Specifically, the Court of Appeals stated,

> We find that defense counsel was not ineffective for failing to cross-examine the witnesses about the alleged inconsistencies in their testimony. In reaching our conclusion, we note that there was no dispute that defendant fired the bullet that killed Jackson. The primary issue for the jury was defendant's intent. Almost all of the alleged testimonial inconsistencies highlighted by defendant on appeal either are completely unrelated to this issue or do not present actual inconsistencies, but rather merely different degrees of specificity or detail. Counsel cannot be deemed ineffective for failing to emphasize irrelevant or non-

existent inconsistencies to the jury. *Dixon, supra* at 398; *People v. Mack,* 265 Mich.App 122, 130; 695 NW2d 342 (2005) (stating that counsel is not required to advocate a meritless position). Additionally, among those witnesses whose testimony can be seen as inconsistent on matters unrelated to defendant's intent, drawing the jury's attention to some of these inconsistencies would have generated sympathy for the victim or undermined defendant's theory of accident. Therefore, defendant cannot establish that counsel's failure to cross-examine the witnesses about those particular inconsistencies was anything but sound trial strategy. *Dixon, supra* at 398.

The only purported inconsistency highlighted by defendant that is arguably related to the issue of his intent relates to medical examiner Robert Clark's testimony concerning whether the nature of the wound suffered by Jackson indicated that the bullet ricocheted before striking him. At defendant's first trial, Clark testified that, given the shape of the Jackson's entrance wound, the bullet that killed Jackson "most certainly" could have ricocheted before hitting him. At the second trial, Clark testified that the bullet that stuck Jackson was a "glancing blow" and did not strike Jackson "straight in," and that while it was possible that the bullet had ricocheted, he had no way of knowing whether the bullet hit another surface before it struck Jackson and therefore, he had "nothing to say about it." The possibility that the bullet ricocheted before hitting Jackson was relevant to the issue of defendant's intent when firing the gun; if the bullet ricocheted, that could be viewed as supporting defendant's assertion that he did not shoot directly at the people on the porch at 871 Pavone. While defense counsel did not specifically cross-examine Clark about this difference in his testimony, counsel did elicit testimony from Clark acknowledging the possibility of a ricochet, placing the issue squarely before the jury. Decisions about what questions to ask a witness are presumed to be matters of trial strategy. *Dixon, supra* at 398. Moreover, given that Clark acknowledged the possibility of a ricochet, and in light of evidence presented indicating that defendant fired in the direction of the porch at 871 Pavone and not into the ceiling at 877 Pavone as he claimed, defendant cannot establish that counsel's failure to point out the inconsistency in Clark's testimony was outcome-determinative. *Henry, supra* at 146; *Kelly, supra* at 526.

Defendant also contends that his trial counsel was inadequately prepared for trial and failed to present a defense. We disagree. When claiming ineffective assistance of counsel due to counsel's unpreparedness, the defendant must show prejudice resulting from the lack of preparation. *People v. Caballero,* 184 Mich.App 636, 640, 642; 459 NW2d 80 (1990). The day before defendant's trial commenced, counsel informed the trial court that he was "ready to try the case." He stated that, in preparation for trial, he reviewed the transcripts of defendant's first trial, the pertinent police reports, and the prosecution's evidence and exhibits. Further, the record indicates that counsel did, in fact, request the transcripts of defendant's preliminary examination and copies of police reports a month before trial. The record does not support that defense counsel was unprepared. Moreover,

6

> we find no merit to the claim that counsel failed to present a defense at trial.
> Counsel focused the jury's attention on defendant's claim of accident and
> defendant has failed to suggest another plausible defense which counsel could
> have presented. Therefore, we cannot conclude that defendant was prejudiced by
> defense counsel's performance. See *id.* Defendant has failed to overcome the
> presumption of effective assistance of counsel.

*Id.* at \*2–\*3.  Thus, the Court of Appeals determined that decisions about what questions to ask a witness are presumed matters of trial strategy, and in light of the evidence introduced and Clark's acknowledgment of the possibility of a bullet ricochet, Ervin was unable to establish that counsel's failure to address the specific inconsistency of Clark's testimony was outcome-determinative. Similarly, the Court found Ervin's arguments regarding his attorney's lack of preparation and failure to present a defense unpersuasive in light of the evidence.

Applying the habeas standard of review, this Court cannot say that the Michigan Court of Appeals' decision was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision based upon an unreasonable determination of the facts in light of the evidence presented in state court.  In his petition, Ervin essentially asks this Court to substitute its opinion for that of the state court's.  Absent an unreasonable application of federal law or an unreasonable determination of the facts, this Court will not do so.

**4. Ineffective Assistance of Second Appellate Counsel**

Ervin's final petition claim is that he received ineffective assistance of counsel during his second appeal because his counsel failed to assert that the trial judge improperly denied Ervin's request for a *Ginther* hearing on ineffective assistance of counsel and his motion for relief from judgment pursuant to M.C.R. 6.500.  Addressing Ervin's claim in its opinion denying Ervin's motion for relief from judgment, the trial court stated that it denied Ervin's request for a *Ginther* hearing "on the lack of merit of the substantive claims."  (Op. & Order on Mot. for Relief from J. (July 2, 2009), *People v. Ervin*, Berrien County Circuit Court, File no. 2002 404013-FC, Docket no. 27, at 10.)

The R & R concludes that, assuming Ervin has shown good cause for failure to raise this issue on appeal, Ervin has not shown the requisite prejudice. Ervin objects that (1) the "prejudice is obvious" because if the issue had been decided in his favor, he would have been acquitted, and (2) he has a constitutional right to an evidentiary hearing.

"[C]ounsel's failure to raise a particular claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts." *Murray v. Carrier*, 477 U.S. 478, 492, 106 S. Ct. 2639, 2647 (1986). "[F]ederal habeas review of [procedurally defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). "The habeas petitioner must show not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648 (internal quotation marks and citations omitted) (emphasis in original).

First, applied to Ervin's argument, Ervin has not shown the requisite prejudice. "'[C]ounsel cannot be ineffective for failure to raise an issue that lacks merit.'" *Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (quoting *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007)); *see also O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007). Ervin must establish that his counsel's failure to raise the *Ginther* hearing issue "worked to his actual and substantial disadvantage." *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648. Here, as discussed above in the context of Ervin's fourth petition argument on ineffective assistance of second trial counsel, Ervin's claim for ineffective assistance lacks merit. As such, Ervin's appellate counsel's failure to raise the denial of

a *Ginther* hearing on appeal is not outcome-determinative and cannot satisfy the requisite showing

of prejudice.

Second, Ervin does not have a right to an evidentiary hearing. Twenty-eight U.S.C. §

2254(e) provides,

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Because the deferential standards prescribed by § 2254 control whether

to grant habeas relief, a federal court must take into account those standards in deciding whether an

evidentiary hearing is appropriate." *Schiro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940

(2007). "It follows that if the record refutes the applicant's factual allegations or otherwise

precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also*

*Anderson v. Attorney Gen. of Kan.,* 425 F.3d 853, 858–59 (10th Cir. 2005) (no evidentiary hearing

is required if the applicant's allegations are contravened by the existing record); *cf. Clark v. Johnson,*

202 F.3d 760, 767 (5th Cir. 2000) (holding that no hearing is required when the applicant has failed

to present clear and convincing evidence to rebut a state court's factual findings); *Campbell v.*

*Vaughn*, 209 F.3d 280, 290 (3d Cir. 2000).

In this case, Ervin asserts that the state court record is insufficient because he was denied a

*Ginther* hearing. The Court disagrees. As discussed above, the record below is sufficient to

establish that Ervin's first trial counsel was not ineffective for purposes of *Strickland*, *see supra*.

Thus, Ervin is not entitled to a hearing.

**B. Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.*  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Ervin's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Ervin's claim was debatable or wrong.  Thus, the Court will deny Ervin a certificate of appealability.

Therefore, the Court will adopt the magistrate judge's R & R as the Opinion of the Court.

A separate order will issue.

Dated:  July 8, 2013                                           /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE

10